# EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| **ANGELA CRAIG**, and <br> **JENNY WINSLOW DAVIES** <br><br>      Plaintiffs, <br><br> v. <br><br> **STEVE SIMON**, in his official capacity <br> as Minnesota Secretary of State, <br><br>      Defendant. | Case No.: 0:20-cv-02066 WMW/TNL <br><br><br> **PROPOSED DEFENDANT TYLER KISTNER'S PROPOSED ANSWER TO COMPLAINT** |

Proposed defendant Tyler Kistner, the Republican candidate for the 2nd Congressional District of Minnesota, hereby submits this proposed Answer to the Complaint filed by Plaintiffs Angela Craig and Jenny Winslow Davies.

1.   Intervenor-Defendant admits the allegations contained in sentences 1 and 2 of paragraph 1. The remaining allegations of paragraph 1 are conclusions of law to which no response is required; to the extent they may be deemed to be factual allegations, they are denied.

2.   Intervenor-Defendant admits the allegations contained in sentence 1 of paragraph 2. To the extent that the allegations contained in sentence 2 of paragraph 2 purport to characterize an announcement made by the Minnesota Secretary of State, the announcement speaks for itself and is the best evidence of its contents. To the extent that the allegations contained in sentences 2 and 3 of paragraph 2 state legal conclusions

1

rather than factual matters, no response is required; to the extent they may be deemed to be factual allegations, they are denied.

3.      The allegations of paragraph 3 are conclusions of law to which no response is required; to the extent they may be deemed to be factual allegations, they are denied.

4.      The allegations contained in sentences 1, 2, and 6 of paragraph 4 are conclusions of law to which no response is required; to the extent they may be deemed to be factual allegations, they are denied.  Intervenor-Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in sentences 3, 4, and 5 of paragraph 4, and on that basis, they are denied.

5.      Intervenor-Defendant admits that the election for the 2nd Congressional District of Minnesota is set to be held in February of 2021.  The remaining allegations of paragraph 5 address legal rather than factual matters and characterize Minn. Stat. § 204B.13 which speaks for itself and is the best evidence of its content; to the extent that the allegations are inconsistent with the statute, they are denied.

6.      The allegations of paragraph 6 are conclusions of law to which no response is required; to the extent they may be deemed to be factual allegations, they are denied.

7.      Intervenor-Defendant admits that Plaintiff Angela Craig is the current U.S. Representative for Minnesota's 2nd Congressional District who is running for re-election, and further denies all other allegations of paragraph 7.

8.      The allegations of paragraph 8 are conclusions of law to which no response is required; to the extent they may be deemed to be factual allegations, they are denied.

9.      The allegations of paragraph 9 are conclusions of law to which no response is required; to the extent they may be deemed to be factual allegations, they are denied.

10.     The allegations of paragraph 10 are conclusions of law to which no response is required; to the extent they may be deemed to be factual allegations, they are denied.

11.     Intervenor-Defendant admits the allegations of paragraph 11.

12.     The allegations contained in sentence 1 of paragraph 12 are conclusions of law to which no response is required; to the extent they may be deemed to be factual allegations, they are denied.  Intervenor-Defendant lacks sufficient knowledge or information to form a belief as to the remaining allegations of paragraph 12, and on that basis, they are denied.

13.     Intervenor-Defendant admits Plaintiff Angela Craig's term of office expires on January 3, 2021, and further denies all other allegations of paragraph 13.

14.     Intervenor-Defendant lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 14, and on that basis, they are denied.

15.     The allegations of paragraph 15 are conclusions of law to which no response is required; to the extent they may be deemed to be factual allegations, they are denied.

16.     Intervenor-Defendant admits the allegations contained in sentences 1 and 2 of paragraph 16.  The remaining allegations of paragraph 16 address legal rather than factual matters and characterize Minn. Stat. § 204B.27 which speaks for itself and is the

best evidence of its content; to the extent that the allegations are inconsistent with the statute, they are denied.

17.     The allegations of paragraph 17 address legal rather than factual matters and characterize 2 U.S.C. § 7 which speaks for itself and is the best evidence of its content; to the extent that the allegations are inconsistent with the statute, they are denied.

18.     The allegations of paragraph 18 are conclusions of law to which no response is required; to the extent they may be deemed to be factual allegations, they are denied.

19.     The allegations of paragraph 19 are conclusions of law to which no response is required; to the extent they may be deemed to be factual allegations, they are denied.

20.     The allegations of paragraph 20 are conclusions of law to which no response is required; to the extent they may be deemed to be factual allegations, they are denied.

21.     The allegations of paragraph 21 are conclusions of law to which no response is required; to the extent they may be deemed to be factual allegations, they are denied.

22.     The allegations of paragraph 22 are conclusions of law to which no response is required; to the extent they may be deemed to be factual allegations, they are denied.

23.     The allegations of paragraph 23 are conclusions of law to which no response is required; to the extent they may be deemed to be factual allegations, they are denied.

24.     The allegations contained in sentence 1 of paragraph 24 are conclusions of law to which no response is required; to the extent they may be deemed to be factual allegations, they are denied.  Intervenor-Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in sentence 2 of paragraph 24, and on that basis, they are denied.

25.     The allegations of paragraph 25 are conclusions of law to which no response is required; to the extent they may be deemed to be factual allegations, they are denied.

26.     The allegations of paragraph 26 are conclusions of law to which no response is required; to the extent they may be deemed to be factual allegations, they are denied.

27.     The allegations of paragraph 27 are conclusions of law to which no response is required; to the extent they may be deemed to be factual allegations, they are denied.

28.     The allegations of paragraph 28 are conclusions of law to which no response is required; to the extent they may be deemed to be factual allegations, they are denied.

29.     The allegations contained in sentence 1 of paragraph 29 address legal rather than factual matters and characterize 2 U.S.C. § 8 which speaks for itself and is the best

evidence of its content; to the extent that the allegations are inconsistent with the statute, they are denied.  The allegations contained in sentence 2 of paragraph 29 are conclusions of law to which no response is required; to the extent they may be deemed to be factual allegations, they are denied.

30.     The allegations of paragraph 30 address legal rather than factual matters and characterize Minn. Stat. §§ 204B.13(1), (2)(c) which speaks for itself and is the best evidence of its content; to the extent that the allegations are inconsistent with the statute, they are denied.

31.     The allegations of paragraph 31 address legal rather than factual matters and characterize Minn. Stat. § 204B.13(2)(c) which speaks for itself and is the best evidence of its content; to the extent that the allegations are inconsistent with the statute, they are denied.

32.     The allegations of paragraph 32 address legal rather than factual matters and characterize Minn. Stat. § 204B.13(2)(c) which speaks for itself and is the best evidence of its content; to the extent that the allegations are inconsistent with the statute, they are denied.

33.     The allegations of paragraph 33 address legal rather than factual matters and characterize Minn. Stat. § 204B.13(7) which speaks for itself and is the best evidence of its content; to the extent that the allegations are inconsistent with the statute, they are denied.

34.     The allegations of paragraph 34 are conclusions of law to which no response is required; to the extent they may be deemed to be factual allegations, they are denied.

35.     Intervenor-Defendant admits the allegations of paragraph 35.

36.     Intervenor-Defendant admits the allegations of paragraph 36.

37.     Intervenor-Defendant admits the allegations of paragraph 37.

38.     Intervenor-Defendant admits the allegations of paragraph 38.

39.     The allegations of paragraph 39 purport to characterize an announcement made by the Minnesota Secretary of State, the announcement speaks for itself and is the best evidence of its contents, to the extent that the allegations are inconsistent with the announcement, they are denied.

40.     Intervenor-Defendant admits the allegations of paragraph 40.

41.     The allegations of paragraph 41 are conclusions of law to which no response is required; to the extent they may be deemed to be factual allegations, they are denied.

42.     The allegations contained in sentence 1 of paragraph 42 address legal rather than factual matters and characterize Minn. Stat. § 204B.13(2)(c) which speaks for itself and is the best evidence of its content; to the extent that the allegations are inconsistent with the statute, they are denied.  The allegations contained in sentence 2 of paragraph 42 are conclusions of law to which no response is required; to the extent they may be deemed to be factual allegations, they are denied.

43.     The allegations of paragraph 43 are conclusions of law to which no response is required; to the extent they may be deemed to be factual allegations, they are denied.

44.     Intervenor-Defendant repeats and realleges his responses to the allegations contained in paragraphs 1-43.

45.     The allegations of paragraph 45 are conclusions of law to which no response is required; to the extent they may be deemed to be factual allegations, they are denied.

46.     The allegations of paragraph 46 are conclusions of law to which no response is required; to the extent they may be deemed to be factual allegations, they are denied.

47.     The allegations of paragraph 47 are conclusions of law to which no response is required; to the extent they may be deemed to be factual allegations, they are denied.

48.     Intervenor-Defendant lacks sufficient knowledge or information to form a belief as to the allegation contained in paragraph 48 that votes will be "discarded," and on that basis, it is denied.  Intervenor-Defendant admits that the election for the 2nd Congressional District of Minnesota is set to be held in February of 2021.

49.     The allegations of paragraph 49 are conclusions of law to which no response is required; to the extent they may be deemed to be factual allegations, they are denied.

50.     The allegations of paragraph 50 are conclusions of law to which no response is required; to the extent they may be deemed to be factual allegations, they are denied.

51.     Intervenor-Defendant repeats and realleges his responses to the allegations contained in paragraphs 1-50.

52.     The allegations of paragraph 52 are conclusions of law to which no response is required; to the extent they may be deemed to be factual allegations, they are denied.

53.     The allegations of paragraph 53 are conclusions of law to which no response is required; to the extent they may be deemed to be factual allegations, they are denied.

54.     The allegations of paragraph 54 are conclusions of law to which no response is required; to the extent they may be deemed to be factual allegations, they are denied.

55.     The allegations of paragraph 55 are conclusions of law to which no response is required; to the extent they may be deemed to be factual allegations, they are denied.

56.     The allegations of paragraph 56 are conclusions of law to which no response is required; to the extent they may be deemed to be factual allegations, they are denied.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Relief)

57.     The Plaintiffs' Complaint fails to state a claim for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Incorporation of All Applicable Defenses)

58.     As a separate and distinct defense to Plaintiffs' Complaint, Intervenor-Defendant asserts all applicable defenses pled by all other defendants to this Action, and hereby incorporates the same herein by reference.

## REQUEST FOR RELIEF

WHEREFORE, having fully answered Plaintiffs' Complaint, Intervenor-Defendant prays that this Court:

A.     Dismiss Plaintiffs' Complaint with prejudice;

B.     Find that Minn. Stat. § 204B.13 is consistent with 2 U.S.C. §§ 7 and 8 is therefore not preempted by federal statute;

C.     Find that Minn. Stat. § 204B.13 does not violate the First and Fourteenth Amendments to the U.S. Constitution;

D.     Award Intervenor-Defendant his costs, including reasonable attorneys' fees, incurred in defending against this action pursuant to any and all applicable laws; and

E.     Grant such other and further relief as the Court deems just and proper.

Dated:                                    Respectfully submitted,